■ SAVOY MANAGEMENT CORPORATION, Appellant, v LEVIEV FULTON CLUB, LLC, et al., Respondents. [858 NYS2d 138]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 9, 2008, which, to the extent appealed from, granted defendants' motions to dismiss the first cause of action, unanimously affirmed, without costs.

The stipulation of settlement declared, in part, that in the event defendants were thereafter to file plans or apply to the New York City Department of Buildings (DOB) and commence construction of residential or commercial space higher than the highest roof on the current structure, the $2 million termination fee due plaintiff would be increased by another $1.5 million. Plaintiff alleged, in its first cause of action, that defendants breached that provision, entitling it to the additional termination fee.

Plaintiff has not pleaded a viable claim for breach of this section of the settlement agreement. The complaint alleges that defendants filed plans and made application to the DOB in late June 2006, indicating its intention to construct residential space higher than the highest roof of the building. However, the settlement agreement, dated nearly four weeks later, stated that the termination fee would be increased only in the event that defendants were to "hereafter" file the requisite plans or make application with the DOB, in other words, subsequent to execution of the agreement.

A valid stipulation should be construed as an independent

agreement subject to the well-settled principles of contractual interpretation (*Matter of Stravinsky*, 4 AD3d 75, 81 [2003]). Whether a contract is ambiguous is a question of law, and extrinsic evidence may not be considered unless the document itself is ambiguous (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). Since the agreement is not ambiguous, extrinsic evidence may not be used to create such an ambiguity (*see Kass v Kass*, 91 NY2d 554, 568 [1998]), and the purported documentary evidence submitted by plaintiff in opposition to defendants' motions did not remedy the defect in its complaint. Indeed, "the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). This agreement simply does not support plaintiff's contention that the additional termination fee provision extended to plans filed before execution of the stipulation. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and Renwick, JJ.